IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THURMAN MEARIN, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 14-1717 |
| | ) | Judge Nora Barry Fischer/ |
| | ) | Chief Magistrate Judge Maureen P. Kelly |
| LOUIS FOLINO *Superintendent*; | ) | |
| CARLA SWARTZ *Program Review Committee*; GREG JOHNSON *Program Review Committee*; KERRI CROSS *Hearing Examiner*; OFFICER HARKLEROAD *C.O. 1*; LIEUTENANT SHRADER *C.O. 3*, | ) | |
| | ) | |
| | ) | |
| | ) | Re: ECF No. 23 |
| | ) | |
|     Defendants. | ) | |

**MEMORANDUM ORDER**

Plaintiff Thurman Mearin, an inmate at the State Correctional Institution ("SCI") at Forest, has brought this civil rights action against Defendants alleging that they violated his rights provided by the First and Fourteenth Amendments to the United States Constitution relative to a misconduct that Plaintiff was issued on September 24, 2013, while he was incarcerated at SCI Greene.

Presently before the Court is a Motion for Sanctions ("the Motion") filed by Plaintiff which is based on an apparent discrepancy in the information provided by Defendants in responses to Plaintiff's discovery requests. Specifically, Plaintiff points to a statement made in the misconduct report at issue in this case, in which Defendant Harkleroad indicates that "[w]e have statements written by Mr. Anderson . . . . Statements and video are available in the security office." ECF No. 23-1. In their Response to Plaintiff's Second Request for Documents, however, Defendants, through their counsel, Attorney Timothy Mazzocca, represent that "[t]here is no written statement, it was a verbal statement." ECF No. 23-2. Plaintiff argues that the latter

representation is fraudulent and constitutes a reckless misrepresentation of the truth which is sanctionable under the Federal Rules of Civil Procedure.[1]

Fed. R. Civ. P. 26(g) mandates that all discovery documents be signed by the party personally if unrepresented or by at least one attorney of record. "[T]he signature certifies that the lawyer has made a reasonable effort to assure that the client has provided all the information and documents available to him that are responsive to the discovery demand." 1983 Amendment, Advisory Committee Notes. The 1983 Advisory Committee Notes explain that there is an "affirmative duty to engage in pretrial discovery in a responsible manner that is consistent with the spirit and purpose of the [Rules]." Rule 26(g) is designed to curb discovery abuse by encouraging the imposition of sanctions where a party or an attorney improperly certifies that the disclosed information is correct as of the time it is made. Id. Incorporated in this effort is the duty pursuant to Rule 26(e)(1)(A), to supplement a prior response to an interrogatory, request for production, or request for admission "if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Rule 26(g)(3) provides that if a discovery certification violates the rule without substantial justification, the Court "must" impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay "reasonable expenses, including attorney's fees, caused by the violation." Id. However, prior to imposing sanctions, the Court must first find that the certification was objectively unreasonable under the circumstances. See 1983 Amendment, Advisory Committee Notes. Notably, Rule 26(g) "does not require the signing attorney to certify the truthfulness of the client's factual responses to a discovery

---

[1] Although Plaintiff argues that sanctions are appropriate under Fed. R. Civ. P. 11, Rule 11(d) specifically provides that sanctions authorized under the Rule do "not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37." Accordingly, Plaintiff's Motion is more appropriately brought under Fed. R. Civ. P. 26.

2

request." Id. Thus, "the lawyer's certification under Rule 26(g) should be distinguished from other signature requirements in the rules, such as those in Rules 30(e) and 33." Id.

Here, after review of the record, the Court finds that sanctions are not warranted. First, the fact that there appears to be a contradiction in the information provided by Defendants does not, standing alone, suggest that Defendants have engaged in any nefarious conduct. The representation made by Attorney Mazzocca in Defendants' Response to Plaintiff's Second Request for Documents that "[t]here is no written statement, it was a verbal statement," was based on information he received from his clients and the information available to them. Indeed, Attorney Mazzocca has stated in Defendants' response to the instant Motion that Mr. Anderson, who purportedly made the written statement, is no longer at SCI Greene and that the Staff at SCI Greene searched the Security Department and the records maintained by the Hearing Examiner for the statement made by Mr. Anderson before responding to the Second Request for Documents and again before responding to this Motion. Because the Staff was unable to locate any such written statement they concluded that, to the best of their recollection, the statement was verbally made. ECF No. 25. Moreover, Attorney Mazzocca candidly acknowledges that he unable to state to a certainty that there never was a written statement and the misconduct was inaccurate or whether a written statement existed and has since been lost. Id. Given that the misconduct was issued in September of 2013 and this litigation did not commence until December 19, 2014, it is not inconceivable that Mr. Anderson's statement has been misplaced or simply not maintained. In either case, there is nothing before the Court to suggest that Attorney Mazzocca and/or his clients have abused the discovery process or knowingly certified incorrect information.

Second, other than the process of drafting and filing the instant Motion, Plaintiff has not suffered any harm from the discrepancy between the statement made in the misconduct report and the representation by Attorney Mazzocca in the Response to Plaintiff's Second Request for Documents. As argued by Defendants, whether Mr. Anderson statement was written or oral, it cannot be said that no statement was made at all or that it could not have provided the basis for Plaintiff's misconduct. Moreover, Plaintiff may use the discovery responses in cross examination of Defendant Harkleroad during trial and/or file a motion at the pre-trial stage of this case requesting that District Judge Fischer give an adverse inference instruction to the jury should she deem such an instruction warranted.

Accordingly, the following Order is entered:

AND NOW, this 7th day of July, upon consideration of Plaintiff's Motion for Sanctions, ECF No. 23, and Defendants' Response in Opposition to Plaintiff's Motion for Sanctions, ECF No. 25, IT IS HEREBY ORDERED that Plaintiff's Motion is DENIED.

                              BY THE COURT:

                              /s/ Maureen P. Kelly
                              MAUREEN P. KELLY
                              CHIEF UNITED STATES MAGISTRATE JUDGE

cc:    Thurman Mearin
        AM-8063
        SCI Forest
        P.O. Box 945
        Marienville, PA 16239

        All counsel of record via CM/ECF