IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THURMAN MEARIN, ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 14-1717 |
| ) | Judge Nora Barry Fischer/ |
| ) | Chief Magistrate Judge Maureen P. Kelly |
| LOUIS FOLINO *Superintendent*; ) | |
| CARLA SWARTZ *Program Review* ) | |
| *Committee*; GREG JOHNSON *Program* ) | |
| *Review Committee*; KERRI CROSS ) | Re: ECF No. 37 |
| *Hearing Examiner*; OFFICER ) | |
| HARKLEROAD *C.O. 1*; LIEUTENANT ) | |
| SHRADER *C.O. 3*, ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

**I.  RECOMMENDATION**

Presently before the Court is a Motion for Summary Judgment filed by Defendants Louis Folino, Carla Swartz, Greg Johnson, Kerri Cross, Officer Harkleroad, and Lieutenant Shrader (collectively, "Defendants"), ECF No. 37.

For the following reasons, it is respectfully recommended that the Motion for Summary Judgment be granted.

## II. REPORT

### A. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, an inmate at the State Correctional Institution ("SCI") at Forest, brought this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants alleging that they violated his rights provided by the First and Fourteenth Amendments to the United States Constitution while he was incarcerated at SCI Greene. On January 7, 2015, proceeding *pro se*, Plaintiff filed his Complaint against Defendants.[1] ECF No. 5. Defendants filed an Answer on March 6, 2015. ECF No. 17. On August 10, 2015, Defendants filed the instant Motion for Summary Judgment, a brief in support thereof, a Concise Statement of Material Facts and an Appendix to the Motion. ECF Nos. 37, 38, 39, 40. Plaintiff filed a Response in Opposition to the Motion for Summary Judgment as well as a "Statement of Disputed Factual Issues" on September 14, 2015. ECF Nos. 45, 46. The Motion for Summary Judgment is now ripe for review.

### B. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986); Gray v. York Newspapers, Inc., 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 257; Brenner v. Local 514, United Brotherhood of Carpenters and Joiners of America, 927 F.2d 1283, 1287-88 (3d Cir. 1991). When determining whether there is a genuine issue of material fact, the

---

[1] The Complaint was also filed against Robert Dietz, who was terminated from the case after a Suggestion of Death was filed, ECF No. 9, and in the absence of a motion to substitute. ECF No. 19.

court must view the facts and all reasonable inferences in favor of the nonmoving party. EEOC v. Allstate Ins., 778 F.3d 444, 448 (3d Cir. 2015).

In order to avoid summary judgment, a party must produce evidence to show the existence of every element essential to the case that it bears the burden of proving at trial; "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the nonmoving party fails to make a sufficient showing on any essential element of its case, the moving party is entitled to judgment as a matter of law. Id.

### C. DISCUSSION

#### 1. Plaintiff's Claims

Plaintiff's Complaint alleges that Defendants retaliated against him for: (1) filing a grievance against a Corrections Officer and (2) giving a speech to prisoners about reporting ethnic intimidation. ECF No. 5 ¶ 20. He further alleges that the retaliation was manifested by: (1) a threat from Defendant Harkleroad; (2) the issuance of a misconduct by Defendant Harkleroad; (3) a showing of intimidation by Defendant Shrader; (4) a finding of guilt for "encouraging group activity" by Defendant Cross; and (5) the upholding of the finding of guilt by Defendants Swartz, Johnson and Folino. Id. ¶¶ 14-23.

#### 2. Legal Considerations of Retaliation Claims

As this Court has set forth:

> It is well settled that retaliation for the exercise of a constitutionally protected activity is itself a violation of rights secured by the United States Constitution, which is actionable under Section 1983. However, the mere allegation of retaliation is insufficient to establish such a claim. In order to prevail on a retaliation claim, a plaintiff must show three things: (1) that the conduct in which he engaged was constitutionally protected; (2) that he suffered "adverse action" [fn 4] at the hands of prison officials; and (3) that his constitutionally protected conduct was a substantial motivating factor in

> the defendants' conduct. The crucial third element, causation, requires a plaintiff to prove either: (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link. Once a plaintiff has made his prima facie case, the burden then shifts to the defendant to prove by a preponderance of the evidence that he or she "would have made the same decision absent the protected conduct for reasons reasonably related to penological interest."
>
> [footnote 4] An adverse action is one "sufficient to deter a person of ordinary firmness from exercising his rights."

Laurensau v. Romarowics, 2012 WL 6651344, *7 (W.D. Pa. Dec. 20, 2012) (citations omitted).

### 3. Analysis

#### a. Retaliation for Grievance

Plaintiff alleges that Defendants took adverse action against him, in part, because he filed a grievance action against a Corrections Officer for ethnic intimidation on August 15, 2013. ECF No. 5 ¶¶ 12, 22. However, none of the alleged retaliatory acts occurred until September 24, 2013, which was more than a month after the grievance was filed, but only five days after Plaintiff's delivery of a speech to inmates, which was the stated basis for all of the ensuing actions. Further, it is noted that the Corrections Officer against whom the grievance was filed is not a defendant in this case.

In short, Plaintiff has failed to provide any evidence that the August 15, 2013, grievance against a non-party Corrections Officer is in any way causally connected to the alleged retaliatory acts of September 24, 2013, and after. Accordingly, it is recommended that Defendants be entitled to judgment as a matter of law on this portion of the retaliation claim.

### b. Retaliation for Speech

#### (1) Defendant Harkleroad

##### (a) Threat

Plaintiff alleges that on September 24, 2013, Defendant Harkleroad stated to Plaintiff, "Who do you think you are to tell inmates to report a [sic] officer to the Department of Justice, (nigger) you will find yourself dead, you keep it up, we will bury you in the hole." ECF No. 5 at 2. In Defendants' Concise Statement of Material Facts, Defendants assert that Defendant Harkleroad did not threaten Plaintiff in any way. ECF No. 39 ¶ 53 (citing ECF No. 40-1 at 46, 49). Plaintiff failed to specifically deny this alleged fact in his "Statement of Disputed Factual Issues;" thus, it is deemed admitted pursuant to Local Rule 58.E. Thus, this portion of Plaintiff's claim is without basis and Defendant Harkleroad is entitled to judgment as a matter of law thereupon.

##### (b) Misconduct

Plaintiff further alleges that Defendant Harkleroad fabricated the misconduct Plaintiff was issued related to his speech. ECF No. 5 ¶ 22. Because Plaintiff was found guilty of one of the offenses charged in the misconduct, see ECF No. 40-1 at 38, this allegation cannot support a claim of retaliation. Henderson v. Baird, 29 F.3d 464, 469 (8th Cir. 1994) (holding that a finding of evidence of a violation "checkmates" a retaliation claim based on allegation of filing false charges against prisoner). Thus, Defendant Harkleroad is entitled to judgment as a matter of law on this portion of Plaintiff's claim.

#### (2) Defendant Shrader

The sole factual allegation against Defendant Shrader is that he stood by Defendant Harkleroad at the time of Defendant Harkleroad's alleged threat and "made an intimidating

5

smile." ECF No. 5 ¶¶ 14, 22. These acts can not constitute an adverse action necessary to support a retaliation claim as this Court finds that they are patently insufficient to deter a person of ordinary firmness from exercising his rights. Accordingly, Defendant Shrader is entitled to judgment as a matter of law.

### (3) Defendant Cross

Plaintiff's claim against Defendant Cross is based on her role as the hearing examiner who found him guilty of the misconduct. ECF No. 5 ¶¶ 16-17. Plaintiff challenges the correctness of Defendant Cross's decision, but he does not allege that she acted in retaliation in making the decision. Thus, Defendant Cross is entitled to judgment as a matter of law.

It is worth noting that Plaintiff admitted, in written hearing documents, to advising "the young brothers" via his speech to "be wise and expose the cracker mind set" when they encountered it in officers of the prison. ECF No. 40-1 at 35. Defendant Cross based her finding of guilt on evidence that Plaintiff told the speech attendees to "stand up to these crackers." Id. The penological interest advanced by her decision appears to be clear; Plaintiff advances no evidence to dispute it.

### (4) Defendants Swartz, Johnson and Folino

Plaintiff's claim against these Defendants is based on their roles as members of the "Program Review Committee" that upheld his misconduct. ECF No. 5 ¶¶ 18-20. Plaintiff complains that these Defendants erred in failing to provide him with relief; however, aside from a bald assertion that these Defendants "acted in retaliation," id. ¶ 20, he advances no evidence to support a claim for retaliation on the part of these Defendants. Accordingly, Defendants Swartz, Johnson and Folino are entitled to judgment as a matter of law.

### D. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendants' Motion for Summary Judgment, ECF No. 37, be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Respectfully submitted,

/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

Dated: January 19, 2016

cc: The Honorable Nora Barry Fischer
United States District Judge

All Counsel of Record Via CM-ECF

Thurman Mearin
AM-8063
SCI Forest
P.O. Box 945
Marienville, PA 16239